Judge .Underwood
delivered the opinion of the Court.
Cobbs filed his bill, with injunction, to be relieved against a judgment, founded on a note executed to Timberlake, for a gaming consideration, and by him assigned to Williamson. Timberlake never answered. Williamson answered, denying any knowledge of the consideration^ and made his answer a cross bill against Timberlake, and prayed for a decree over against him in case. Cobbs should establish his equity. The cause was heard on bill and answers, without depositions. The court decreed a perpetual injunction in favor of Cobbs, and entered a decree in favor of Williamson’s administratrix, he having died pending the suit against Timberlake, for the amount of the judgment.
The decree is clearly erroneous. The bill should have been dismissed with costs, as to the administra-trix, and the injunction dissolved with damages. Timberlake’s silence was no evidence against her or her intestate. His answer expressly acknowledging the illegality of the consideration, would have been no evidence against his assignee. No principle is better settled than that the answer of one is no evidence against a co-defendant, much less can the silence of a defendant be construed into evidence. Williamson having denied any knowledge of the consideration, and called for proof, and none having been furnished, the judgment in his favor ought not to have been molested.
Courts of chancery have concurrent jurisdiction with courts of law, in cases based upon a gaming consideration. Clay, &c. vs. Fry, III. Bibb, 248, and the authorities there cited.
The decree of the circuit court is reversed and set aside, and the cause remanded for a decree to be rendered in conformity with this opinion.
The plaintiff, Williamson, must recover her costs.